IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC C. McCARTER,**

    Plaintiff,

v.                                                                          Civil Action No. **3:14CV356**

**T.L. NUTTER,**

    Defendant.

## MEMORANDUM OPINION

Eric C. McCarter, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on August 19, 2014, this Court dismissed the action without prejudice because McCarter failed to return a consent to collection of fees form and did not pay the statutory filing fee within the time required by the Memorandum Order entered on May 28, 2014.

On August 26, 2014, the Court received from McCarter a letter that the Court construes as a motion filed pursuant to Fed. R. Civ. P. Rule 59(e) ("Rule 59(e) Motion") (ECF No. 11). McCarter challenges the Court's August 19, 2014 Memorandum Opinion and Order, returns a completed consent to collection of fees form, and informs the Court that he "still want[s] to file this civil suit." (Rule 59(e) Mot. 1.)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v.*

*Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). McCarter states: "It was my understanding that since I was, and still am indigent that I did not need to pay a filing fee." (Rule 59(e) Mot. 1.) McCarter fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does McCarter demonstrate any other basis for granting Rule 59(e) relief.[1] *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, McCarter's Rule 59(e) Motion will be denied. Nevertheless, the Court will direct the Clerk to refile McCarter's complaint as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9/19/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[1] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).